IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL QUIROZ VELAZ, § | |
| Petitioner, § | |
| § | 3:16-CV-2415-K |
| v. § | 3:12-CR-0121-K (03) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's petition to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255. For the foregoing reasons, the Court denies the petition.

I.

On May 21, 2013, Petitioner pled guilty to conspiracy to possess with intent to deliver methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). On January 22, 2014, the district court sentenced him to 144 months in prison. On July 7, 2015, the Fifth Circuit Court of Appeals affirmed. *United States v. Velaz*, 609 Fed. Appx. 226 (5th Cir. 2015).

On August 15, 2016, Petitioner filed the instant § 2255 petition. He argues he should receive a mitigation role adjustment to his sentence under § 3B1.2 of the sentencing guidelines as clarified by Amendment 794. On November 8, 2016, Petitioner filed a traverse in which he appears to argue that his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which

1

invalidated the residual clause of the Armed Career Criminal Act (ACCA).

II.

1. **Amendment 794**

Petitioner's claim that he is entitled to a reduced sentence under Amendment 794 is not cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (stating misapplication of the sentencing guidelines is not a cognizable claim under 28 U.S.C. § 2255); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Instead, a claim for reduction of sentence due to a retroactive guideline amendment should be brought under 18 U.S.C. § 3582(c)(2). *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994) (per curiam).

Here, even if the Court construed Petitioner's motion as one brought under § 3582 (c)(2), he would not be entitled to relief. Under 18 U.S.C. § 3582(c)(2) a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the sentencing guidelines has subsequently been lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009); *see also* U.S.S.G. § 1B1.10(a). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a).

Amendment 794 became effective on November 1, 2015. It did not alter the language of U.S.S.G. § 3D1.2, but merely clarified that, when determining a defendant's role in criminal activity for purposes of § 3B1.2, the court should compare the

2

defendant's role to other participants in the criminal activity at issue, not to persons participating in other similar crimes.

Except on direct appeal, a clarifying amendment is not retroactively applicable unless it is listed in U.S.S.G. § 1B1.10(d). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996); *United States v. Rodriguez*, 306 Fed. App'x 147, 148 (5th Cir. 2009). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d). *See United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). Therefore, it does not apply retroactively under § 3582(c), and Petitioner is not entitled to relief.

2. *Johnson v. United States*

In *Johnson*, the Supreme Court considered the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." (*Id.*) The Court found the residual clause to be unconstitutionally vague.

Although Petitioner was not sentenced under the ACCA, he argues that the career offender enhancement under USSG § 4B1.2(a)(2) contains the same language as the ACCA's residual clause, and is therefore unconstitutional. Section 4B1.2(a) defines a "crime of violence" as any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another, or (2) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

3

The italicized clause is what is referred to as the "residual clause." Petitioner, however, was not sentenced as a career offender. Section 4B1.2(a)(2) therefore did not apply to him.

Additionally, even if § 4B1.2(a) had applied to Petitioner, his claim is without merit. The Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness. *Id*. *Johnson* therefore does not render § 4B1.2(a)(2) invalid.

### III.

The petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

Signed November 16th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE